# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN WILLIAM KEY,

                Plaintiff,

v.

MILWAUKEE COUNTY JAIL,

                Defendant.

Case No. 19-CV-735-JPS

**ORDER**

        Plaintiff John William Key proceeds in this matter *pro se*. He filed a complaint alleging that Defendant violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Plaintiff has timely paid his initial partial filing fee of $1.08. The Court will therefore proceed with screening the action.

        The Court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was a detainee at the Milwaukee Secure Detention Facility, but was transferred to the Milwaukee County Jail for a court appearance on February 22, 2019, at approximately 8:30 a.m. He was held in Cell 11. At around 11:00 a.m., he notified a female correctional officer who was dispensing bagged lunches that he needed to use the restroom. She told him that someone was already in the restroom, and denied him access. Three hours passed, and Plaintiff still was not granted access to the restroom. He became agitated, and began pounding on the cell door. This time, a male correctional officer came to Cell 11 and opened the door. Plaintiff informed him that he needed to use the restroom badly, and ran past the correctional officer to the bathroom. While Plaintiff was using the facilities, the correctional officer went into the bathroom with at least

one other correctional officer.¹ They pulled him off the toilet, which resulted in Plaintiff hitting his head on the wall. At this point, Plaintiff concedes that he became aggressive, and one of the correctional officers called for help. When more correctional officers came, instead of being reasonably restrained, Plaintiff was punched in the face and tackled to the ground. Following this, he was seen by the nursing staff, who took pictures of his black eye and swollen face. Back at Milwaukee Secure Detention Facility, more photos were taken of his injuries. He was in the Intensive Care Unit for about ten days. Plaintiff seeks monetary damages.²

These allegations invoke Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. In particular, prisoners have a right to certain necessities of life such as "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). They are also entitled to "sanitation[] and hygienic materials." *Myers v. Ind. Dep't of Corr.*, 655 F. App'x 500, 503 (7th Cir. 2016). The Seventh Circuit recognizes "long-term deprivations of modern toilet facilities as potential Eighth Amendment violations." *White v. Knight*, 710 F. App'x 260, 261 (7th Cir. 2018). However, slight limits on toilet access, such as a once-every-two-hours rule during lockdowns, do not violate society's minimum standards of decency. *Id.* at 262. In this case, Plaintiff arrived at Milwaukee County

---

¹ It is not clear, from the complaint, who this correctional officer was, but seems that it was neither a lieutenant nor a captain. *See* (Docket #1 at 3).

² Plaintiff has indicated that he is suing under state law, but this seems to be a mistake. *See* (Docket #1 at 4). Plaintiff is suing for a violation of his constitutional rights; jurisdiction under 28 U.S.C. § 1332 does not exist because the Plaintiff and Defendant are both citizens of Wisconsin. Therefore, the Court will construe this complaint as one alleging violations of federal law under 28 U.S.C. § 1331.

Jail at 8:30 a.m. By 11:00 a.m., he had not been afforded the opportunity to use the restroom. Three hours passed, and he still had not been able to use the restroom. This means that Plaintiff went at least five and a half hours without toilet facilities. As explained above, whether a particular deprivation—such as a deprivation of toilet facilities—violates the Eighth Amendment depends in large measure on its duration. *Myers*, 655 F. App'x at 504. Though the Court will allow Plaintiff to proceed on this claim, Defendant is free to argue that the deprivation was not long enough to become one of constitutional magnitude.

The Eighth Amendment also protects against unreasonable force in the context of a prison setting. The central inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citing and quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Here, Plaintiff has alleged that an excessive amount of force was used on him, for no reasonable penal objective. He was accosted in the midst of relieving himself and pulled off the toilet, despite the fact that he had notified at least two correctional officers that he desperately needed to use the facilities. When he became angry at this turn of events, reinforcements were called in, and he was allegedly beaten into submission. The Court finds that this sufficiently states a cause of action for a malicious or sadistic use of force under the circumstances.

Plaintiff may therefore proceed on the following claims: (1) a violation of his Eighth Amendment rights based on his denial of restroom facilities; and (2) a violation of his Eighth Amendment rights based on the excessive force used to remove him from the toilet.

The Milwaukee County Jail is not the correct defendant in this matter and will be dismissed. Only those officials who are directly responsible for a constitutional violation may be sued under Section 1983. *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010). To facilitate service of the complaint and identification of the individuals who might be held responsible for the claims, the Court will add Milwaukee County Sheriff Earnell Lucas ("Lucas") as a defendant for the limited purpose of helping Plaintiff identify the individual defendants who were personally involved in this action. *See Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Plaintiff is advised that in the Court's scheduling order, which will be issued after Lucas is served, Plaintiff will be afforded a period of time in which to conduct discovery into the identities of the unnamed defendants. He should seek this information from Lucas. Failure to amend the complaint to identify individual defendants who were personally involved in the claims, by the deadline set forth in the scheduling order, may result in dismissal of this action. Once the individual defendants are identified, the Court will dismiss Lucas as a defendant.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Milwaukee County Jail be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Milwaukee County Sheriff Earnell Lucas be and the same is hereby **ADDED** as a defendant for the limited purpose of helping Plaintiff identify the individual defendants who were personally involved in this action;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on Milwaukee County Sheriff Earnell Lucas;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.92 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>    Office of the Clerk
>    United States District Court
>    Eastern District of Wisconsin
>    362 United States Courthouse
>    517 E. Wisconsin Avenue
>    Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by

the clerk, the plaintiff need not mail copies to a defendant. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge