UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WILLIAM KEY,

        Plaintiff,

     v.                                       Case No. 19-C-735

GARY KING, et al.,

        Defendants.

## SCREENING ORDER

On February 3, 2020, I ordered Plaintiff John William Key, who is currently incarcerated at Green Bay Correctional Institution and representing himself, to submit an amended complaint under 42 U.S.C. § 1983 that complied with the local and federal rules and properly contained all allegations against each Defendant he wishes to sue in this action. Plaintiff complied, and the second amended complaint is before me for screening.

### SCREENING OF THE AMENDED COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff alleges that on February 22, 2019, while incarcerated in the Milwaukee County Jail, he requested to use the bathroom because the room he was in did not have one and "he could not wait any long[er] without using the bathroom." Dkt. No. 20 at 2. Plaintiff alleges that he repeatedly kicked on the door of the room until an unknown male deputy (who is not a Defendant) opened the door, allowing Plaintiff to walk to the bathroom. As he was sitting on the toilet in the bathroom, Deputy Gary Kary and five Jane or John Doe deputies entered the bathroom, pulled Plaintiff off the toilet, and struck him in his head. Deputy Travis allegedly called for more deputies and, in the melee, one or more of the John or Jane Doe deputies repeatedly punched Plaintiff in the face. Plaintiff alleges he required medical treatment for his injuries. He seeks monetary and punitive damages from each Defendant and an attorney to represent him.

## THE COURT'S ANALYSIS

Plaintiff does not specify whether, at the time of the alleged events, he was a pretrial detainee or a convicted prisoner awaiting transfer to a prison. But court records show that on October 25, 2018, Plaintiff pleaded guilty to charges of burglary, and he received his sentence on

2

December 7, 2018. Therefore, at the time of the events alleged in the amended complaint, Plaintiff was a convicted prisoner and was protected under the Eighth Amendment from cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Establishing an Eighth Amendment claim of excessive force requires a showing that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Id*. at 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320–21).

Plaintiff's allegations state a claim of excessive force under the Eighth Amendment. He alleges that various deputies, some known and others not known, pulled him from the toilet, struck him in the head, and then repeatedly punched him in the face. As the assault occurred, Deputy Travis allegedly called for further deputies to come and add to the fray. Even if Plaintiff were not supposed to be using that particular bathroom, it would be excessive for six or more deputies to remove Plaintiff from the toilet and assault him without cause, as Plaintiff alleges. I will allow him to proceed on this Eighth Amendment claim against Deputies Kary and Travis and the John and Jane Doe deputies.

Although Plaintiff was initially allowed to proceed on a second claim that he was denied access to the bathroom (*see* Dkt. No. 11 at 4–5), I will not allow him to proceed on this claim. Plaintiff alleges that he kicked on his door to get a deputy's attention because "he could not wait any long[er] without using the bathroom." But he does not allege that any Defendant is

3

responsible for him being in a room without a bathroom or for him having to wait to use a bathroom. Nor does he allege how long he was waiting in the cell before he was able to walk out and use the bathroom. On the allegations in the amended complaint, Plaintiff does not state a claim for denial of a bathroom.

Plaintiff also seeks appointment of counsel. In a civil case, I have the discretion to recruit counsel for individuals unable to afford counsel. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising this discretion, I must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)). To satisfy the first prong, I must determine that Plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). To do so, Plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when Plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second element, I "must examine the difficulty of litigating specific claims and Plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. I look at "whether the difficulty of the case, factually, legally, and practically,

4

exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490–91. I "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where Plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

Plaintiff does not satisfy either element. Although he requests the appointment of counsel, he does not state whether he has made any effort to obtain counsel on his own. Even if he had satisfied the first element, Plaintiff's filings to date show that he has a firm grasp of the relevant facts and the court's directives and orders. As the case progresses, the legal and factual issues may become too complex for Plaintiff, his circumstances may change, or he may find himself unable to obtain the information he believes he needs to prove his claims. Should that occur, it may be appropriate to recruit counsel to represent Plaintiff. At this early stage of the proceedings, however, I cannot conclude that Plaintiff requires the assistance of counsel to present his case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's request for the appointment of counsel is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's complaint and this order are being electronically sent today to Milwaukee County for service on the Defendants, all of whom are alleged to be employees of the Milwaukee County Jail.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, Defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

Because Plaintiff does not know the names of the John and Jane Doe deputies, he must use discovery to learn their identities. Once the attorney for Defendants has entered a notice of appearance, Plaintiff may serve discovery on the Defendants (by mailing it to their attorney at the address in his notice of appearance) to get information that will help him identify the real names of the Doe deputies. For example, Plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or request document under Fed. R. Civ. P. 34.

After Plaintiff identifies the real names of the John and Jane Doe deputies, he must file a motion to substitute the real names for the John and Jane Doe placeholders. Once Plaintiff identifies the John and Jane Doe deputies, and those Defendants have an opportunity to respond to the complaint, the court will issue a scheduling order setting deadlines for the completion of all other discovery and for filing dispositive motions. Plaintiff should not start the discovery process for all other discovery until after all the Defendants have been identified, have filed their answer, and the court has issued a scheduling order.

Plaintiff must identify the real names of the John and Jane Doe deputies **within sixty days** of Defendants' attorney filing an appearance, or file a letter explaining why he is unable to do so. If he does not do either of these things, the court may dismiss the claims against the John and Jane Doe deputies based on Plaintiff's failure to pursue it diligently. Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Milwaukee County Jail, as well as to the Milwaukee County Sheriff, and the Milwaukee County Corporation Counsel.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the

legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 2nd day of April, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court