UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN WILLIAM KEY,

           Plaintiff,

v.                                                Case No. 19-C-735

GARY KOHL, et al.,

           Defendants.

---

## DECISION AND ORDER

---

On February 25, 2021, Defendants filed a motion for summary judgment. Dkt. No. 55. That same day, the Court reminded Plaintiff John William Key, who is representing himself, that under Civil L. R. 56(b)(2) his response materials were due on March 29, 2021. Dkt. No. 61. The Court also warned Key that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. The deadline has passed, and Key did not oppose Defendants' motion.

The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by the defendants and deemed true by the Court as a result of Key's failure to respond, the force used against Key by the defendants in response to his refusal to obey their lawful commands and his resistance to the efforts to restrain him was reasonable and in good faith. As a result, the defendants are entitled to judgment as a matter of law and their motion must be granted. Additionally, pursuant to Civil L.

R. 7(d), the Court finds that Key's failure to respond to the motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 55) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 7th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.